IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL NO. 3:06-607-CMC |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| Victor Eugene Mason, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Defendant's "Motion for leave to amend [and] consolidated Motion to amend Equal Protection Claim of 28 U.S.C. § 2255 motion." ECF No. 170. Defendant seeks to amend his motion for relief which was denied and dismissed with prejudice on November 19, 2012. Defendant seeks to amend his § 2255 motion to assert a claim of counsel's alleged ineffectiveness in failing to raise "the obvious Fundamental Fairness Defense . . . ." Mot. at 4.

On November 29, 2012, Defendant filed a Notice of Appeal to the Fourth Circuit Court of Appeals. On August 1, 2013, the Fourth Circuit granted Defendant a partial certificate of appealability on the issue of whether Defendant's counsel was ineffective in failing to raise an Equal Protection Clause challenge on the basis of racially animated selective enforcement. *See United States v. Mason*, Fourth Circuit Docket No. 12-8042, ECF No. 9. This matter is still pending before the Court of Appeals.

Generally, the filing of a notice of appeal immediately transfers jurisdiction of all matters relating to the appeal from the district court to the court of appeals. *See In re Grand Jury Proceedings Under Seal*, 947 F.2d 1188, 1190 (4th Cir. 1991) (citations omitted). However, a

"district court does not lose jurisdiction to proceed as to matters in aid of the appeal." *Lytle v. Griffith*, 240 F.3d 404, 408 (4th Cir. 2001) (citation and quotation omitted).

Not only is this matter closed in this court, but Defendant's appeal is pending. Accordingly, this court is without jurisdiction to act on Defendant's motion, as it is not a matter "in aid of the appeal." *Id*.

Therefore, Defendant's motion is denied as this court is without jurisdiction to act upon it.[1]

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
December 5, 2013

---

[1] Even if Defendant did not have a pending appeal, the court finds Defendant's motion is, in reality, a second or successive motion for relief under § 2255. Prior to filing a second or successive motion under § 2255, Defendant must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive motion. As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *See also* Rule 9 of the Rules Governing 2255 Proceedings ("Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion . . . ."). This he has not done.

The requirement of filing a motion with a court of appeals (in this instance, the Fourth Circuit) for permission and securing permission to file a second or successive motion is jurisdictional. Therefore, Defendant's failure to secure permission in the Fourth Circuit Court of Appeals prior to filing this § 2255 motion is fatal to any action in this court, as this court is without jurisdiction to act on Defendant's motion.